United States District Court
Middle District of Florida
Jacksonville Division

**RONDA HOLSEY,**
**ON BEHALF OF AES, A MINOR,**

    *Plaintiff,*

v.                                                                                                                                 NO. 3:14-cv-938-J-PDB

**COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

---

### Order Granting Plaintiff's Unopposed Motion for Attorney's Fees

Earlier in the case, the Court reversed the Commissioner of the Social Security Administration's denial of Ronda Holsey's application on behalf of her minor child for supplemental security income and, under sentence four of 42 U.S.C. § 405(g), as incorporated in 42 U.S.C. § 1383(c)(3), remanded for further proceedings. Doc. 20. She now requests, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, an award of $3,795.60 in attorney's fees. Doc. 22. The Commissioner does not oppose the request. *Id.* at 3.

In ruling on an EAJA request, a court must decide if the requesting party is eligible and the requested attorney's fees and costs are reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A party is eligible if (1) she prevailed in a case against the United States, (2) she timely requested them, (3) her net worth did not exceed $2 million when she filed the case, (4) the United States' position was not

substantially justified, and (5) no special circumstance would make the award unjust. *Id.* at 158; 28 U.S.C. §2412(d)(1) & (2).

A social-security plaintiff prevails if the court orders a sentence-four remand. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). An EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry. *See* 28 U.S.C. § 2412(d)(1)(B) & (d)(2)(G) ("final judgment" is judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in case in which United States is party). A premature EAJA request is timely. *Myers v. Sullivan*, 916 F.2d 659, 679 n.20 (11th Cir. 1990). An EAJA request must contain an allegation that the Commissioner's position was not substantially justified, *Jean*, 496 U.S. at 160, and, if made, the Commissioner bears the burden of showing that it was, *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). A court may deny an EAJA request based on equitable considerations. *Scarborough v. Principi*, 541 U.S. 401, 422–23 (2004).

The first four conditions are satisfied here, and, as to the fifth one, no equitable consideration is apparent or presented that would make an EAJA award unjust. Holsey prevailed because the Court ordered a sentence-four remand. Doc. 20 at 10. Her December 8, 2015, request, Doc. 22, was timely because she made it within 30 days of when the Court's September 29, 2015, judgment became final, Doc. 21. She represents her net worth did not exceed $2 million when she filed this case, Doc. 22 at 2, and the Court accepts the representation. Her motion includes an allegation that the Commissioner's position was not substantially justified, Doc. 22 at 1–2, and the

Commissioner has not attempted to satisfy its burden of showing otherwise. The Commissioner does not contend that this case presents a special circumstance, and none is apparent. Thus, she is eligible to receive an EAJA award, and the only remaining issue is whether the requested amounts are reasonable.

To determine if requested attorney's fees are reasonable, a court should examine the requested rate and hours and exclude unnecessary time. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983); *Jean*, 496 U.S. at 161 (applying *Hensley* to EAJA). The fees must be based on "prevailing market rates for the kind and quality of the services furnished" but cannot exceed $125 per hour unless a cost-of-living increase after 1996 or another special factor "justifies" a higher amount. 28 U.S.C. § 2412(d)(2)(A)(ii). The cost-of-living increase is not automatic. *Oliveria v. United States*, 827 F.2d 735, 742 (Fed. Cir. 1987). A claimant must produce satisfactory evidence that the rate she requests is in line with those prevailing in the community for similar services by attorneys of comparable skill and experience. *Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015).

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The relevant legal community is where the case is filed. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). "[A] court … is itself an expert on the question [of a reasonable hourly rate] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an

independent judgment either with or without the aid of witnesses as to value." *Norman,* 836 F.2d at 1299.

Holsey provides a time report explaining her attorney, Chantal Harrington, expended 20 hours on the case (2.2 hours in 2014 and 17.8 hours in 2015) and a description of the services performed and time spent on each service. Doc. 22-1. She requests $189.78 an hour for both years based on the maximum rate adjusted for cost-of-living increases, for a total of $3,795.60. Doc. 22 at 2. She represents "[g]iven the complexity and nature of the case and the expertise of [her] counsel in federal court appeals of Social Security cases, the requested hourly rate is in line with the prevailing market rate for similar services by lawyers of reasonably comparable skills, experience, and reputation." Doc. 22 at 2. The Court observes Harrington has been a member of the Florida Bar for more than 25 years. *See* "Find a Lawyer" on www.floridabar.org. It is known in the legal community and reflected in her many appearances in this Court that she specializes in social-security work.

Using the Consumer Price Index Inflation Calculator, the statutory maximum rate adjusted for increases in the cost of living is $188.60 for 2014 and $189.48 for 2015. *See* Bureau of Labor Statistics, *CPI Inflation Calculator, available at* http://www.bls.gov/data/inflation_calculator.htm (last visited December 9, 2015). Applying these rates to the number of hours Harrington spent on the case in 2014 (2.2) and 2015 (17.8), the fee total is $3,787.66. With this adjustment, the Court finds that Holsey's requested attorney's fees are reasonable. The $188.60 and $189.48 hourly rates are justified by the cost-of-living increase and are in line with the

applicable prevailing rate for similar services by attorneys in Jacksonville of comparable skill and experience to Harrington. Twenty hours is reasonable in light of the services provided, which included preparing a plain and concise complaint, Doc. 1, reviewing a 532-page transcript, Doc. 12, and preparing a 17-page memorandum that set forth a thorough summary of the administrative record and two well-reasoned arguments, Doc. 18.

An EAJA award is to the party, not her attorney. *Astrue v. Ratliff,* 560 U.S. 586, 592–93 (2010). Because Holsey is eligible and her requested attorney's fees are reasonable, as modified, the Court grants her motion, Doc. 22, and awards her the adjusted attorney's fees. The Court leaves to the Commissioner's discretion whether to accept her assignment of EAJA fees to Harrington after determining if she owes a federal debt.

## Conclusion

Therefore, the Court:

1. **grants** Holsey's EAJA request as modified, Doc. 22;
2. **awards** Holsey $3,787.66 in attorney's fees; and
3. **directs** the clerk to enter judgment in favor of Holsey and against the Commissioner in the amount of $3,787.66 in attorney's fees.

**Ordered** in Jacksonville, Florida, on December 10, 2015.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of Record